IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                           1:21-cr-01510-KWR-1

CHRISTOPHER MARQUEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant's Motion for a Bill of Particulars, filed on April 12, 2024. Doc. 89. Having reviewed the pleadings and applicable law, the Court finds that Defendant's motion is not well taken and, therefore, is **DENIED**.

## BACKGROUND

On October 14, 2021, a federal grand jury indicted Defendant with one count of abuse of a child (great bodily harm), in violation of 18 U.S.C. §§ 1153 and N.M. STAT.ANN., 30-6-1(D); one count of assault of a spouse or intimate partner by strangling or suffocating, in violation of 18 U.S.C. §§ 1153, 113(a)(8), and 2266(7)(B); and two counts of abusive sexual contact, in violation of 18 U.S.C. §§ 1153, 224(a)(2), and 2246(3). Doc. 1. Defendant filed this Motion requesting a Bill of Particulars on April 12, 2024. Doc. 89.

## DISCUSSION

The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense. *U.S. v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996); *U.S. v. Torres,* 901 F.2d 205, 234 (2d Cir.1990). Fed.R.Crim.P. 7(f) describes an indictment as "a plain, concise, and definite written statement of the essential facts constituting the

offense charged." A bill of particulars is not necessary if the indictment "sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial." *Ivy,* 83 F.3d at 1281. Significantly, a defendant "is not entitled to notice of all of the *evidence* the government intends to produce, but only the *theory* of the government's case," *id.* (internal quotation marks omitted), for a bill of particulars "is not a discovery device." *U.S. v. Dunn,* 841 F.2d 1026, 1029 (10th Cir.1988) (emphasis in original). *U.S. v. Tyler*, 42 F. App'x 186, 190 (10th Cir. 2002); *U.S. v. Anderson,* 799 F.2d 1438, 1441-42 (11th Cir. 1986) (a bill of particulars may not be used merely as a discovery device).

Courts have "always had very broad discretion" in whether to grant requests for such bills. *Will v. U.S.,* 389 U.S. 90, 100-102 (1967). However, a defendant "possesses no right to a bill of particulars and the decision on the motion lies within the discretion of the [trial] court." *Id.* at 100-102.

It has been noted that few concrete standards have been developed in making a Rule 7(f) determination. *See U.S. v. Rogers,* 617 F.Supp. 1024, 1026-27 (D.Colo. 1985). However, the Court finds some guidance in using the following factors used by some courts, such as: (1) the clarity of the indictment, (2) the degree of discovery available to the defendant, and (3) the complexity of the charges. *Id.*

Defendant requests a bill of particulars for each count of the Indictment (Doc. 1), which alleges the following:

> Count 1: "Between on or about May 20, 2021, and on or about July 10, 2021, in Indian Country, in Rio Arriba County, in the District of New Mexico, the defendant, **CHRISTOPHER MARQUEZ**, an Indian, did knowingly, intentionally, and recklessly, and without justifiable cause, cause and permit Jane Doe 1, an Indian child under the age of 18, to be tortured, cruelly confined, or cruelly punished, resulting in great bodily harm. In violation of 18 U.S.C. §§ 1153 and N.M. STAT. ANN. § 30-6-1(D).

2

Count 2: "Between on or about May 20, 2021, and on or about July 10, 2021, in Indian Country, in Rio Arriba County, in the District of New Mexico, the defendant, **CHRISTOPHER MARQUEZ**, an Indian, unlawfully and knowingly assaulted Jane Doe 2, a spouse or intimate partner, by strangling and suffocating, and attempting to strangle and suffocate.  In violation of 18 U.S.C. §§ 1153, 113(a)(8), and 2266(7)(B).

Count 3: "Between on or about May 20, 2021, and on or about July 10, 2021, in Indian Country, in Rio Arriba County, in the District of New Mexico, the defendant, **CHRISTOPHER MARQUEZ**, an Indian, unlawfully and knowingly engaged in and caused sexual contact with Jane Doe 2, and the sexual contact consisted of the defendant intentionally touching Jane Doe 2's breasts directly and through clothing, with the intent to abuse, humiliate, harass, degrade, arouse and gratify the sexual desire of any person. In violation of 18 U.S.C. §§ 1153, 224(a)(2), and 2246(3).

Count 4: "Between on or about May 20, 2021, and on or about July 10, 2021, in Indian Country, in Rio Arriba County, in the District of New Mexico, the defendant, **CHRISTOPHER MARQUEZ**, an Indian, unlawfully and knowingly engaged in and caused sexual contact with Jane Doe 2, and the sexual contact consisted of the defendant intentionally touching Jane Doe 2's buttocks directly and through clothing, with the intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person.  In violation of 18 U.S.C. §§ 1153, 2244(a)(2), and 2246(3).

Defendant claims that "Count I of the Indictment in this case does not contain a short and plain statement of the Government's theory of harm to substantiate felony child abuse nor does it set out the means employed by Mr. Marquez to satisfy the essential elements of either intentional or negligent child abuse.  The Indictment also does not list the dates of the alleged offense with sufficient precision so that Mr. Marquez can investigate whether he has an alibi or even to permit Mr. Marquez to point to Count I to prevent a second prosecution for the same offense.  Finally the Indictment fails to describe the child's injuries nor does it allege how those injuries were sustained…the Indictment does not allege whether Mr. Marquez is responsible for those acts because he acted intentionally or negligently."  Doc. 89 at 4-5.  As to the remaining counts, Mr. Marquez claims the dates are indeterminate and without specific conduct satisfying the elements of each offense.  Furthermore, Counts II-IV fail to allege Defendant acted intentionally.  Doc. 89 at 5.

The United States asserts that under Fed.R.Crim.P. 7(f), Defendant's motion is untimely. Doc. 98 at 1. Alternatively, the United States argues Defendant's motion is meritless, and Defendant has already been provided everything he is entitled to in discovery. *Id*. at 2-4. This Court agrees with the United States.

Under Federal Rule of Criminal Procedure 7(f), "[t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires."

"A bill of particulars is not necessary if "the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial."" *United States v. Levine*, 983 F.2d 165, 166-67 (10th Cir. 1992) citing, *United States v. Dunn*, 841 F.2d 1026, 1030 (10th Cir. 1988) citing, *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir.1981) cert. denied, 455 U.S. 1021, 102 S.Ct. 1719, 72 L.Ed.2d 140 (1982). "Since the defendant is 'not entitled to know all the evidence the government intends to produce, but only the theory of the government's case,' the district court [does] not abuse its discretion in denying defendant's motion for a bill of particulars" where defendant has been served with a sufficient indictment." *Id*. citing, *United States v. Giese*, 597 F.2d 1170, 1181 (9th Cir.) cert. denied, 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979). A denial of a bill of particulars will not be disturbed unless a defendant demonstrates, "that he was 'actually surprised at trial and thereby incurred prejudice to his substantial rights.'" *Dunn*, 842 F.2d at 1029 citing, *United States v. Cole*, 755 F.2d 748, 760 (11th Cir.1985).

Here, Defendant's motion for a bill of particulars is untimely. Defendant was arraigned on November 12, 2021. Doc. 16. Defendant filed this motion on April 12, 2024 – two and a half

4

years after his arraignment.  Docs. 1, 89.  As such, this Court finds Defendant's request for a bill of particulars did not occur before his arraignment or within fourteen days, as required by Fed.R.Crim.P. 7(f).  Defendant admits the untimeliness of his motion for a bill of particulars but argues that his change of counsel and the Indictment's deficiency weigh in favor of granting his motion.  Doc. 89 at 1.  Given the untimeliness of his motion, this Court denies Defendant's request.  Furthermore, while change of counsel can result in delay, Defendant's change of counsel occurred more than six months ago.  Defendant has had ample opportunities to request a bill of particulars and failed to do so.[1]

In the alternative, this Court finds Defendant's motion for a bill of particulars is meritless. Federal Rule of Criminal Procedure 7(c)(1) states, "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government…[a] count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated."  To be legally sufficient, an indictment must, "(1) contain[] the essential elements of the offense intended to be charged, (2) sufficiently apprise[] the accused of what he must be prepared to defend against, and (3) enable[] the accused to plead an acquittal or conviction under the indictment as a bar to any subsequent prosecution for the same offense." *United States v. DeVargas*, 579 F. Supp. 3d 1259, 1276 (D.N.M. 2022), aff'd, 64 F.4th 1148 (10th Cir. 2023),

---

[1] Under Fed.R.Crim.P. 7(f), a defendant may move for a bill of particulars at a later time if the court permits.  Here, Defendant has not provided this Court with good cause or sufficient grounds as to why a bill of particulars should be granted at this juncture.  Therefore, in its discretion, this Court declines to permit a bill of particulars.

and aff'd, 64 F.4th 1148 (10th Cir. 2023) citing, *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994).

As to the sufficiency of discovery, a bill of particulars is not a tool for compelling the Government to disclose evidentiary details or to explain the legal theories upon which it intends to rely at trial. *Rogers,* 617 F.Supp. at 1027. The Court understands a defendant's due process rights are paramount. Nevertheless, in determining whether a defendant should be provided particulars, the court must balance the "probability of prejudicial surprise or inadequate opportunities for defense preparation" against the Government's "general right to prevent disclosure of its evidence and legal theories." *Id.* A defendant is entitled to have sufficient information to avoid prejudice at trial and to be able to prepare a defense, but is not entitled to information which will advise him as to *how* the Government's evidence may be stacking up against him.

Here, the Indictment is legally sufficient and complies with Fed.R.Crim.P. (7)(c)(1). The Indictment contains the essential elements of the offenses charged, it apprises Mr. Marquez of what he must be prepared to defend against, and it enables him to plead so as to bar any subsequent prosecution for the same offenses. *Hall*, 20 F.3d at 1087; Doc. 1. The Indictment in question includes the approximate dates of the alleged illegal conduct, where the crimes purportedly occurred, and allegations as to specific victims. *Dunn*, 841 F.3d at 1029; Doc. 1. Regarding discovery, the United States asserts, and this Court agrees, that the Government has provided Defendant everything he is entitled to from discovery, negating the need for a bill of particulars. *Ivy*, 83 F.3d at 1282. The United States, "has already disclosed to Defendant a detailed description of the facts and circumstances surrounding the alleged offenses…particularly the three forensic interviews of the victim, Jane Doe, during which Jane Doe articulates the abuse underlying the

charges in each count…Jane Doe details the exact conduct that makes up the offenses charged in counts one through three." Doc. 98 at 5.  Because the United States has provided full discovery and apprised Defendant of the charges and evidence against him, a bill of particulars is unnecessary.  *United States v. Kunzman*, 54 F.3d 1522, 1526 (10th Cir. 1995).  Nor is a defendant "entitled to know all the evidence the government intends to produce." *Dunn*, 841 F.2d at 1030 citing, *United States v. Giese*, 597 F.2d 1170, 1181 (9th Cir.) cert. denied, 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979).  Therefore, alternatively, this Court finds given the contents of the Indictment and the extensive discovery materials already disclosed to Defendant, a bill of particulars is not warranted.  *Levine*, 983 F.2d at 166-67.

## CONCLUSION

For these reasons, the Court finds Defendant's Motion for Bill of Particulars is untimely and without merit.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Bill of Particulars (Doc. 89) is hereby **DENIED**.

```
      /S/
_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE
```