IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                                                                                   1:21-cr-01510-KWR-1

CHRISTOPHER MARQUEZ,

    Defendant.

### **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss because the Major Crimes Act violates the United States Constitution. Doc. 92. Having reviewed the pleadings and applicable law, the Court finds that Defendant's motion is not well taken and, therefore, is **DENIED**.

### BACKGROUND

On October 14, 2021, a federal grand jury indicted Defendant with one count of abuse of a child (great bodily harm), in violation of 18 U.S.C. §§ 1153 and N.M. STAT.ANN., 30-6-1(D); one count of assault of a spouse or intimate partner by strangling or suffocating, in violation of 18 U.S.C. §§ 1153, 113(a)(8), and 2266(7)(B); and two counts of abusive sexual contact, in violation of 18 U.S.C. §§ 1153, 224(a)(2), and 2246(3). Doc. 1. Mr. Marquez is alleged to be an enrolled member of the Okay Owingeh Pueblo, with the purported crimes occurring in Indian Country. On April 15, 2024, Defendant filed the instant motion, seeking dismissal of the Indictment, challenging this Court's subject matter jurisdiction under the Major Crimes Act and its constitutionality, as applied to Defendant. Doc. 92.

**DISCUSSION**

Mr. Marquez asserts that this Court lacks subject matter jurisdiction to try him for the crimes alleged in the Indictment because the Major Crimes Act, 18 U.S.C. § 1153, which grants this Court jurisdiction, violates tribal sovereignty as guaranteed in the Treaty of Guadalupe Hildago, in addition to violating the Fifth and Sixth Amendments of the U.S. Constitution. Doc. 92 at 1. Defendant subsequently contends that the Major Crimes Act is unconstitutional as applied in this case because of vagueness and failure to give adequate notice of the crimes he was alleged to have committed. Doc. 92 at 2. This Court disagrees with Defendant and finds it is well settled law that this Court has subject matter jurisdiction to try Defendant under the Major Crimes Act. Furthermore, this Court finds it is well settled that the Major Crimes Act does not violate the Fifth and Sixth Amendments. Nor does this Court find that as applied to Defendant, the Major Crimes Act was vague or failed to give Mr. Marquez adequate notice.

**I.     This Court Has Subject Matter Jurisdiction via the Major Crimes Act**

Defendant first asserts that Congress's plenary power to regulate Indian nations does not authorize the United States to divest tribes of sovereign authority to try their own citizens in their own courts. Doc. 92 at 6. This Court disagrees and finds that it is well established that this Court has subject matter jurisdiction over Defendant and the charged offenses via the Major Crimes Act.

It is well settled law that Congress has plenary authority to regulate Indian affairs. *United States v. Kagama*, 118 U.S. 375, 6 S. Ct. 1109, 30 L. Ed. 228 (1886); *Cherokee Nation v. Georgia*, 30 U.S. (5 Pet.) 1, 8 L.Ed. 25 (1831); *Merrion v. Jicarilla Apache Tribe*, 617 F.2d 537 (10th Cir. 1980), aff'd, 455 U.S. 130, 102 S. Ct. 894, 71 L. Ed. 2d 21 (1982). Through this plenary authority, via the Major Crimes Act of 1885, Congress placed "Indian offenders who commit certain specified major offenses" under the jurisdiction of federal courts. *Oliphant v. Suquamish Indian*

*Tribe*, 435 U.S. 191, 98 S. Ct. 1011, 55 L. Ed. 2d 209, 203 (1978) citing, Act of Mar. 3, 1885, § 9, 23 Stat. 385, now codified, as amended, 18 U.S.C. § 1153.  This statute applies to enumerated crimes committed by "[a]ny Indian…against the person or property of another Indian or another person…within the Indian country", and when it applies, federal courts have exclusive jurisdiction. *Murphy v. Royal*, 875 F.3d 896, 915 (10th Cir. 2017), aff'd sub nom. *Sharp v. Murphy*, 140 S. Ct. 2412, 207 L. Ed. 2d 1043 (2020) citing, *Negonsott v. Samuels*, 507 U.S. 99, 103, 113 S.Ct. 1119, 122 L.Ed.2d 457 (1993), *United States v. Sands*, 968 F.2d 1058, 1062 (10th Cir. 1992); *United States v. Burch*, 169 F.3d 666 (10th Cir. 1999) citing, 18 U.S.C. § 1153.

Defendant's position that this Court lacks subject matter jurisdiction because the Major Crimes Act is unconstitutional is contrary to extensive case law as this Court outlined and as the United States argued in its Response.  *See generally* Doc. 97.  Therefore, this Court rejects Defendant's argument.

**II.   The Major Crimes Act, as Applied, Has Not Violated the Fifth and Sixth Amendments of the U.S. Constitution**

Defendant next argues that the Major Crimes Act, as applied to this case, violates the Fifth and Sixth Amendments of the U.S. Constitution.  Doc. 92 at 11.  Specifically, Defendant argues that "with the inclusion of crimes "assimilated from state court" the crimes charged are vague, do not give him fair notice of the alleged criminal conduct[,] and may even exceed the narrow scope of the Major Crimes Act.  Second he submits that by wresting jurisdiction of the case from the Okay Owingeh tribal court and transferring the case to this Court he has been denied his constitutional right to be tried in the vicinage where the crime is alleged to have occurred.  Finally he submits that he is being subjected to less procedural safeguards and a more severe potential sentence in this prosecution solely because of his status as a Native person, in violation of his right

to enjoy the equal protection of the law[.]" Doc. 92 at 12. This Court rejects Defendant's arguments.

As to Defendant's vagueness argument, this Court finds the crimes charged are not vague and gave Mr. Marquez adequate notice as to the criminality of the alleged conduct. Defendant argues that with the inclusion of "assimilative" crimes in the Major Crimes Act, Congress intruded on Indian sovereignty, in addition to the Indictment itself being unconstitutionally vague. Doc. 92 at 14. "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *United States v. Kim*, 449 F.3d 933, 941 (9th Cir.2006) (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972)). The standard for finding a statute void for vagueness is whether the statute, "(1) fails to define the offense with sufficient definitiveness that ordinary people can understand what conduct is prohibited, and (2) fails to establish minimum guidelines to govern law enforcement so as to invite arbitrary and discriminatory law enforcement." *United States v. Thomson*, 134 F. Supp. 2d 1227, 1229 (D. Utah 2001) citing, *United States v. Reed*, 114 F.3d 1067, 1070 (10th Cir.1997). "[V]agueness challenges to statutes that do not involve First Amendment violations must be examined as applied to the defendant." *Kim*, 449 F.3d at 941 citing, *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 n. 7, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982).

As to Defendant's argument regarding the vagueness of the Indictment and his Motion for a Bill of Particulars (Doc. 89), this Court will address those arguments in its memorandum opinion and order on that Motion.

Concerning Defendant's disagreement with Congress's decision to grant federal courts subject matter jurisdiction via the Major Crimes Act, this Court refers Defendant to Section I of this opinion, which discusses Congress's plenary power over Indian affairs. *See supra* at 2-3.

4

Defendant alleges that the Major Crimes Act and the "concomitant assimilative state crimes are unconstitutionally vague," and that he failed to receive adequate notice. Doc. 92 at 12, 14. "Using state criminal statutes to define crimes enumerated in the Major Crimes Act provides "appropriate notice of what was condemned by law." *United States v. Other Med.*, 596 F.3d 677, 682 (9th Cir. 2010) citing, *United States v. Burnside*, 831 F.2d 868, 870 (9th Cir. 1987). Here, the issue is whether "Abuse of a Child," "Assault of a Spouse or Intimate Partner by Strangling or Suffocating," and "Abusive Sexual Contact" have sufficiently plain definitions to anticipate that his conduct falls within these definitions. "Felony" limits the prohibited acts to "serious crime[s] usu[ally] punishable by imprisonment for more than one year or by death" and expressly distinguishes misdemeanors. Black's Law Dictionary 694 (9th ed. 2009). NM Stat § 30-6-1(2019) defines "Abuse of a Child" as, "consist[ing] of a person knowingly, intentionally or negligently, and without justifiable cause, causing or permitting a child to be: (1) placed in a situation that may endanger the child's life or health; (2) tortured, cruelly confined or cruelly punished; or (3) exposed to the inclemency of the weather." Regarding "Assault of a Spouse or Intimate Partner by Strangling or Suffocating," 18 U.S.C. § 113 states, "[a]ssault of a spouse, intimate partner, or dating partner by strangling, suffocating, or attempting to strangle or suffocate, by a fine under this title, imprisonment for not more than 10 years, or both." Furthermore, 18 U.S.C. § 2266(7)(B) defines "spouse or intimate partner" as, "any other person similarly situated to a spouse who is protected by the domestic or family violence laws of the State or tribal jurisdiction in which the injury occurred or where the victim resides." "Sexual contact" is defined as "the intentional touching, either directly or through the clothing of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. §2246(3). Whoever knowingly engages in or causes

sexual contact with another person, if doing so would violate section 2242, had the sexual contact been a sexual act, shall be fined, imprisoned not more than three years, or both.  18 U.S.C. §2244(a)(2).

Defendant's purported conduct falls within these definitions and has not asserted otherwise.  Nor has Mr. Marquez demonstrated how these definitions are unconstitutionally vague as applied to him.  The United States asserts, and this Court agrees that "[a] reasonable person would anticipate that severely beating a young child to the point of causing the kinds of injuries Jane Doe suffered would violate a law barring intentional physical harm inflicted on a child in a manner serious enough to warrant imprisonment of a year or more."  Doc. 97 at 4.  Historically, Major Crimes Act crimes have been interpreted to criminalize categories of conduct versus incorporating only crimes sharing the same title.  *Burnside*, 831 F.2d at 871.  Therefore, this Court rejects Defendant's argument that the Major Crimes Act offenses alleged in the Indictment are unconstitutionally vague.

Defendant next argues that the Major Crimes Act deprives Defendant of his Sixth Amendment right to be tried in the venue where the crime was alleged to have happened.  Doc. 92 at 15.  Specifically, Defendant argues that under Article III, Section 2, Clause 3, via the Venue Clause, a defendant is entitled to a "trial of all crimes…shall be held in the state where the said crimes shall have been committed; but when not committed within any state, the trial shall be at such place or places as the Congress may by law have directed."  Under Fed.R.Crim.P. 18, "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed.  The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice."  Mr. Marquez asserts that given the distance of his scheduled trial in

Albuquerque, New Mexico from the Okay Owingeh Pueblo, also located in this District, it is possible none of the jurors will be from a northern pueblo, and therefore, this deprives Defendant of his Sixth Amendment right.  This Court disagrees.

Defendant does not cite case law supporting his contention that in this Circuit or any other, his scheduled trial would violate the Venue Clause.  Under the Jury Selection and Service Act of 1968, 28 U.S.C. §§ 1861-1878, all litigants in federal courts entitled to trial by jury "shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes."  18 U.S.C. § 1861; *United States v. Contreras*, 108 F.3d 1255, 1265 (10th Cir. 1997).  To establish a fair-cross-section challenge, a defendant must show "(1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." *Duren v. Missouri*, 439 U.S. 357, 364 99 S. Ct. 664, 58 L. Ed. 2d 579 (1979).  Defendant has not established a fair-cross-section challenge under *Duren*.  Nor has Defendant demonstrated through statute or case law that vicinage under the U.S. Constitution requires representation from a specific tribe within a district for a constitutional criminal trial.  Therefore, this Court rejects Defendant's argument.

Defendant next argues that under the Fifth Amendment, because he is being tried in federal versus state court, "[he] is being treated differently than other non-Native defendants charged with the same offense based solely on his status as a Native American in violation of his constitutional right to the equal protection of the laws." Doc. 92 at 17.  Specifically, Defendant argues that while the Fifth Amendment does not contain an express equal protection clause, the Fifth Amendment prohibits all acts of discrimination by the federal government that are so unjustifiable as to violate

7

due process. *Id*. at 17. Furthermore, any classification based on race or national origin is subject to strict scrutiny and because Mr. Marquez is Indian and subject to prosecution in federal court because of his race, this violates his equal protection rights. *Id*. at 18. This Court rejects Defendant's arguments.

The United States Supreme Court faced this precise issue in *United States v. Antelope* as to whether federal criminal statutes violate the Due Process Clause of the Fifth Amendment by subjecting individuals to federal prosecution by virtue of their status as Indians. "[F]ederal legislation with respect to Indian tribes, although relating to Indians as such, is not based upon impermissible racial classifications. Quite the contrary, classifications expressly singling out Indian tribes as subjects of legislation are expressly provided for in the Constitution and supported by the ensuing history of the Federal Government's relations with Indians." *United States v. Antelope*, 430 U.S. 641, 645 97 S. Ct. 1395, 51 L. Ed. 2d 701 (1977) citing, U.S. Constitution, Art. I, Sec. 5. "Legislation with respect to these "unique aggregations" has repeatedly been sustained by this Court against claims of unlawful racial discrimination." *Id*. citing, *Morton v. Mancari*, 417 U.S. 535, 552, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290 (1974). Nor do the challenged statutes violate equal protection. *Antelope*, 430 U.S. at 647-48. "Indians indicted under the Major Crimes Act enjoy the same procedural benefits and privileges as all other persons within federal jurisdiction." *Id*. citing, *Keeble*, 412 U.S. at 212. As to any disparities between state and federal law as the basis for Defendant's Fifth Amendment and equal protection claim, since "Congress has undoubted constitutional power to prescribe a criminal code applicable in Indian Country…it is of no consequence that the federal scheme differs from a state criminal code otherwise applicable within the boundaries of the State…Under our federal system, the National Government does not violate

8

equal protection when its own body of law is evenhanded, regardless of the laws of States with respect to the same subject matter." *Antelope*, 430 U.S. at 648-49 citing, *Kagama*, 118 U.S. at 375.

Defendant has not presented case law from this Circuit or others establishing that prosecution under the Major Crimes Act violates his Fifth Amendment Due Process or equal protection rights. The Federal Government is treating Mr. Marquez in the same manner as any other person within federal jurisdiction according to laws that have not created impermissible racial classifications. *Id*. Therefore, this Court rejects Defendant's argument.

## CONCLUSION

For these reasons, the Court finds that the Major Crimes Act does not violate the U.S. Constitution, and this Court has subject matter jurisdiction. The Major Crimes Act, as applied to Defendant, has not violated his Fifth or Sixth Amendment rights. Therefore, dismissal of the Indictment is not appropriate.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss **(Doc. 92)** is hereby **DENIED**.

_/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE