IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                     1:21-cr-01510-KWR-1

CHRISTOPHER MARQUEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon the United States' Motion *in Limine* regarding the use of the word "victim." Doc. 137. Having reviewed the pleadings and applicable law, the Court finds that the Government's motion is well-taken and, therefore, is **GRANTED**.

## BACKGROUND

On October 14, 2021, a federal grand jury indicted Defendant with one count of abuse of a child (great bodily harm), in violation of 18 U.S.C. §§ 1153 and N.M. STAT.ANN., 30-6-1(D); one count of assault of a spouse or intimate partner by strangling or suffocating, in violation of 18 U.S.C. §§ 1153, 113(a)(8), and 2266(7)(B); and two counts of abusive sexual contact, in violation of 18 U.S.C. §§ 1153, 2244(a)(2), and 2246(3). Doc. 1. On May 30, 2024, the United States filed the instant motion, moving the Court to authorize the Government during trial to refer to Jane Does 1 and 2 as "victims." Doc. 137.

## ANALYSIS

According to the United States' Motion, Defendant objects to the use of the word "victim" during the United States' case-in-chief. Doc. 137. Defendant has not filed a Response by the deadline set by this Court. Doc. 123.

The Court agrees with the United States and finds the use of the word "victim" during trial and its case-in-chief is permissible.  The United States has cited case law in which "victim" has frequently been used at trial without issue.  Doc. 137 at 1-2 citing, *United States v. Loya*, 720 F. App'x 707, 708 (5th Cir. 2018), *United States v. Granbois*, 119 F. App'x 35, 38 (9th Cir. 2004), *United States v. Gibson*, 690 F.2d 697, 703 (9th Cir. 1982), *Newsome v. T.B. Hatch*, No. CV 08-1180 MCA/RHS, 2011 WL 13284728, at *7 (D.N.M. Sept. 1, 2011).  This Court has not found authority that explicitly prohibits use of "victim" during trial.  As this Court previously stated, Defendant has not filed a Response to the United States' Motion *in Limine*.  Accordingly, this Court does not find that use of "victim" during its presentation of evidence would be unfairly prejudicial to Defendant.

Furthermore, use of the word "victim" in closing arguments is not unfairly prejudicial towards a defendant.  *See United States v. Barela*, No. 1:20-CR-01228-KWR, 2021 WL 5177739 *2 (D.N.M. Nov. 8, 2021) citing, *United States v. Shankle*, No. 16-CR-7, 2017 WL 11505346, at *5 (E.D. Wis. Sept. 1, 2017) (concluding that it would "not appear to be unfairly prejudicial" to allow the United States to address witnesses as victims during closing argument nor would use of the "generic" term "victims" by the Government's expert on direct examination be unfairly prejudicial); *State v. Rodriguez*, 946 A.2d 294, 307-08 (Conn. App. Ct. 2008) ("Jurors understand the respective roles of the prosecutor and defense counsel.  It should not be assumed that jurors will be unduly influenced by the prosecutor's use of the word victim [during closing argument]. We therefore conclude, under the facts of this case, that the prosecutor's reference to Castaneda as the victim was appropriate, not the expression of a personal opinion."); *People v. Price*, 821 P.2d 610, 703 (Cal. 1991) ("Although it would be improper for a prosecutor to use the term 'murder' in questioning a witness about an unadjudicated killing, a prosecutor is of course free to argue to the

jury [during closing], after all the evidence had been presented, that it should find that a killing was murder."); *United States v. Garcia-Limon*, No. CR 21-0032 RB, 2022 WL 3334498 (E.D. Okla. May 16, 2022) ("The Government may, if it desires, use the word "victim" in its closing argument[.]"); *United States v. Pena*, No. 20-CR-01903 MV, 2022 WL 1102456 *3 (D.N.M. Apr. 12, 2022) ("Closing argument, however, is different. *See Lambert v. Midwest City Mem'l Hosp. Auth.*, 671 F.2d 372, 375 (10th Cir. 1982) (The Tenth Circuit has "consistently afforded trial counsel considerable leeway" during closing argument.). In its closing, the government is permitted to argue that it has met its burden to establish Mr. Pena's guilt. Consequently, it would not be unfairly prejudicial to allow the government to follow this argument to its logical conclusion by calling Jane Doe a victim."). In sum, the prosecution has considerable leeway in closing arguments to the jury. Defendant has not filed a Response in opposition nor has this Court found case law that use of the word "victim" in closing arguments is unfairly prejudicial towards a defendant.

Therefore, this Court grants the United States' Motion. As it relates to any perceived prejudice from use of the word "victim" in closing arguments, the United States has suggested that an appropriate limiting instruction, if requested by Defendant, would alleviate any concerns. Doc. 137 at 2 citing, *United States v. Loya*, 720 F.App'x 707, 708 (5th Cir. 2018).

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Government's Motion *in Limine* regarding the use of the word "victim" (Doc. 137) is **GRANTED** for the reasons stated above.

  /S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE