IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                     1:21-cr-01510-KWR-1

CHRISTOPHER MARQUEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon the United States' Motion *in Limine* to Exclude Rule 412 Evidence. Doc. 138. Having reviewed the pleadings and applicable law, the Court finds that the Government's Motion is well-taken and, therefore, is **GRANTED**.

## BACKGROUND

On October 14, 2021, a federal grand jury indicted Defendant with one count of abuse of a child (great bodily harm), in violation of 18 U.S.C. §§ 1153 and N.M. STAT.ANN., 30-6-1(D); one count of assault of a spouse or intimate partner by strangling or suffocating, in violation of 18 U.S.C. §§ 1153, 113(a)(8), and 2266(7)(B); and two counts of abusive sexual contact, in violation of 18 U.S.C. §§ 1153, 2244(a)(2), and 2246(3). Doc. 1. On May 31, 2024, the United States filed the instant motion, moving the Court to exclude Rule 412 evidence. Doc. 138. Specifically, the United States asks this Court to preclude the defense from raising these matters at trial, including during *voir dire*, opening statement, witness examination, introduction of exhibits, and closing argument. Doc. 138 at 1. Defendant did not file a Response by the deadline set by this Court.

**LEGAL STANDARD**

Federal Rule of Evidence 412 states that in sex-offense cases, "(1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition" is inadmissible in a civil or criminal proceeding.  Fed.R.Evid. 412(a).  "Past sexual behavior connotes all activities that involve actual physical conduct, i.e. sexual intercourse and sexual contact, or that imply sexual intercourse or sexual contact."  Fed.R.Evid. 412(a) "Notes of Advisory Committee on Rules – 1994 Amendment" citing, *United States v. Galloway*, 937 F.2d 542 (10th Cir. 1991), cert. denied, 113 S.Ct. 418 (1992).  However, a court may admit the following evidence in a criminal case, "(A) evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence; (B) evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and (C) evidence whose exclusion would violate the defendant's constitutional rights."  Fed.R.Evid. 412(b).

For evidence to be admissible under Rule 412, upon the filing of a motion specifically describing the evidence and purpose for which evidence is to be offered, the court must conduct an in camera hearing and give the victim and parties a right to attend and be heard.  Unless the court orders otherwise, the motion, related materials, and the record of the hearing must be and remain sealed.  Fed.R.Evid. 412(c).  Additionally, the Court must separately consider relevance under Rule 401 and the Rule 403 balancing of whether the probative value is substantially outweighed by danger of unfair prejudice.  Even if evidence is admissible under Rule 412, it may be excluded if the Court finds that it is not probative or relevant, subject to the constitutional

framework discussed below. Furthermore, a defendant's failure to comply with the Rule 412(c) requirements are grounds for exclusion. *United States v. Ramone*, 218 F.3d 1229 (10th Cir. 2000).

## ANALYSIS

The United States asks this Court to issue an order prohibiting the use of evidence associated with Jane Doe 2's sexual history. Doc. 138 at 1. Because Jane Doe 2 is a victim in this case, should evidence of her sexual history be introduced, it would run afoul of Rule 412. *Id*. Defendant has not filed a Response or appear to oppose this Motion. Therefore, this Court agrees with the United States and finds that under Federal Rule of Evidence 412, evidence associated with Jane Doe 2's sexual history is inadmissible and therefore, prohibited.

Under Fed.R.Evid. 412, evidence offered to prove that Jane Doe 2, a victim in this case, engaged in other sexual behavior or to prove her sexual predisposition is prohibited.[1] Rule 412 "aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process. By affording victims protection in most instances, the rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders." Fed.R.Evid. 412, "Notes of Advisory Committee on Rules – 1994 Amendment." Accordingly, it is well established in this Circuit and others, that a victim's sexual history, acts, and experiences, both pre and post offense, are prejudicial, irrelevant, not probative, and therefore, inadmissible. *United States v. Willis*, 826 F.3d 1265, 1277 (10th Cir. 2016); *United States v. Isabella*, 918 F.3d 816 (10th Cir. 2019); *United States v. Culver*, 598 F.3d 740 (11th Cir. 2010); *United States v. Cephus*, 684 F.3d 703 (7th Cir. 2012).

---

[1] Defendant is accused of assaulting Jane Doe 2, a spouse or intimate partner, by strangling and suffocating, and attempting to strangle and suffocate; and two counts of knowingly engaging in and causing sexual contact with Jane Doe 2. Doc. 1.

3

Because of this, Rule 412 lists several exceptions in which a court may admit evidence in addition to the procedure a defendant must follow to do so. Fed.R.Evid. 412(b) and (c). Such exceptions permit the admission of evidence "whose exclusion would violate the defendant's constitutional rights" under the Sixth Amendment. Fed.R.Evid. 412(b)(1)(C); *Coy v. Iowa*, 487 U.S. 1012, 1016, 108 S.Ct. 2798, 2801, 101 L.Ed.2d 857 (1988). Here, Defendant does not oppose the United States' Motion, let alone argue that one of the Rule 412 exceptions applies. Nor has Defendant completed the procedure to determine admissibility in Rule 412(c). Under Rule 412(c), a party must "(A) file a motion that specifically describes the evidence and states the purpose for which it is to be offered; (B) do so at least 14 days before trial unless the court, for good cause sets a different time; (C) serve the motion on all parties; and (D) notify the victim or, when appropriate the victim's guardian or representative." Fed.R.Evid. 412(c). Additionally, prior to admitting evidence, the court must conduct an in camera hearing with the victim and parties. *Id*. Neither party argues one of the Rule 412 exceptions applies nor have they satisfied or attempted to satisfy the Rule 412 procedure to determine admissibility. Accordingly, this Court finds Rule 412 is applicable and precludes either party from introducing evidence that Jane Doe 2 engaged in other sexual behavior or to prove her sexual predisposition. Furthermore, the exceptions to Rule 412 do not apply nor has either party satisfied the procedural requirements to admit evidence under this exception. Even if either party had attempted to satisfy the procedural requirements to determine the admissibility of evidence, such attempts were futile; any evidence must be excluded. *Ramone*, 218 F.3d at 1235 citing, *United States v. Rouse*, 111 F.3d 561, 569 (8th Cir. 1997), *United States v. Eagle Thunder*, 893 F.2d 950, 954 (8th Cir.1990); *United States v. Provost*, 875 F.2d 172, 177 (8th Cir.), cert. denied, 493 U.S. 859, 110 S.Ct. 170, 107 L.Ed.2d 127 (1989).

## CONCLUSION

**IT IS THEREFORE ORDERED** for the reasons stated above, that the United States' Motion *in Limine* to Exclude Rule 412 Evidence (Doc. 138) is **GRANTED.**

**IT IS FINALLY ORDERED** that Defendant is prohibited from introducing evidence of, questioning any witness about, or referring to Jane Doe 2's past or post offense sexual behavior or sexual predisposition at trial, including during *voir dire*, opening statement, witness examination, introduction of exhibits, and closing argument.

                                                                                 /S/
                                                                              KEA W. RIGGS
                                                                              UNITED STATES DISTRICT JUDGE