IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

   Plaintiff,

vs.                                                           1:21-cr-01510-KWR-1

CHRISTOPHER MARQUEZ,

   Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon the United States' Notice and Supplemental Notice of Intent to use Evidence under Federal Rules of Evidence 404(b) and 404(a)(2)(A).  Docs. 120 and 146.  Having reviewed the pleadings and applicable law, the Court finds Defendant's objections are well-taken and, therefore, **SUSTAINED**.

## BACKGROUND

On October 14, 2021, a federal grand jury indicted Defendant with one count of abuse of a child (great bodily harm), in violation of 18 U.S.C. §§ 1153 and N.M. STAT.ANN., 30-6-1(D); one count of assault of a spouse or intimate partner by strangling or suffocating, in violation of 18 U.S.C. §§ 1153, 113(a)(8), and 2266(7)(B); and two counts of abusive sexual contact, in violation of 18 U.S.C. §§ 1153, 2244(a)(2), and 2246(3).  Doc. 1.  On May 24 and June 24, 2024, the United States filed its notices of intent to introduce evidence.  Docs. 120, 146.  Specifically, the United States provided notice to this Court that it intends to introduce evidence of other crimes, wrongs, and acts by Defendant in making its case to the jury.  Specifically, the United States first asserts that it intends to introduce evidence that:

Defendant tortured Jane Doe 1 and otherwise adversely caused serious harm to her by striking her back with books repeatedly until the books broke their bindings, hit her all over her body with a phone charger and a spatula, twisted her arms, and punched her stomach while continuing a pattern of excessive spanking and hours-long "wall sits" over a period of time. He would also threaten Jane Doe 1 with further abuse and harm against her and her mother if she revealed her injuries to others. Defendant would also force Jane Doe 1 to wear ninja-styled head coverings and clothing to conceal her bruising from others. The abuse and torture resulted in great bodily harm to Jane Doe 1, to include several broken bones, internal bleeding, bruising and other injuries.  Doc. 120 at 1-2.

Furthermore, the United States asserts that prior to the commission of the offenses at issue, Defendant was implicated in two previous instances of domestic violence against an intimate partner.  *Id*.  The United States subsequently filed a supplemental notice of its intent to introduce evidence of a vehicle and gas station incident involving Defendant and a firearm a week or two prior to July 10, 2021.  Doc. 146.

## LEGAL STANDARD

Federal Rule of Evidence 401 states, "[e]vidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed.R.Evid. 401.

*Res gestae* evidence is "those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense."  *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000); *see United States v. McVeigh*, 153 F.3d 1166, 1203 (10th Cir. 1998), disapproved of on other grounds by *Hooks v. Ward*, 184 F.3d 1206 (10th Cir. 1999).  The Sixth Circuit in *Hardy* explained:

Proper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense.

2

228 F.3d at 748.[1]  The Tenth Circuit has stated that "[e]vidence of other crimes should not be suppressed when those facts come in as res gestae – as part and parcel of the proof of the offense[] charged in the indictment." *United States v. Shirley*, 214 F. Supp. 3d 1124, 1149 (D.N.M. 2016) citing, *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995).  *Res gestae* evidence is permitted "when it provides the context for the crime, is necessary to a full presentation of the case, or is appropriate in order to complete the story of the crime on trial by providing its immediate context or the res gestae." *Kimball*, 73 F.3d at 272.

Under Federal Rule of Evidence 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  However, under Rule 404(b)(2), "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed.R.Evid. 404.

"In other words, one cannot present evidence the relevance of which is based on the forbidden inference: the person did X in the past, therefore he probably has a propensity for doing X, and therefore he probably did X this time, too." *Jara*, 2011 WL 6739166, at \*5.  To determine whether evidence is admissible under Rule 404(b)(2), the *Huddleston* test applies: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially

---

[1] Several instances in which this Court has previously admitted evidence as *res gestae* include, *Wilson v. Jara*, 2011 WL 6739166, 2011 U.S. Dist. LEXIS 147752 at \*8 (in the course of alleged unlawful arrest, a plaintiff spat on and touched defendant police officers); *United States v. Ganadonegro*, 2011 WL 3957549, 2011 U.S. Dist. LEXIS 101548, at \*1 (D.N.M. 2011) (evidence that a defendant, accused of the death of a child, called a family member several times to complain about child crying); *United States v. Zuni*, 2006 WL 4109664, 2006 U.S. Dist. LEXIS 95621, at \*2-3 (D.N.M. 2006) (an alleged kidnapping and rape occurred after a defendant had a dispute with victim's children, which escalated into violence).  In these instances, this Court determined the *res gestae* evidence and the provided background information were useful to paint a picture or describe context and not that a defendant acted in conformity with previous conduct, but rather to establish a spatial, causal, and temporal connection with the charged offenses. *Id*.

outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial

court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for

the proper purpose for which it was admitted.  *United States v. Zamora*, 222 F.3d 756, 762 (10th

Cir. 2000)(Ebel, J.)(citing *United States v. Roberts*, 185 F.3d 1125 (10th Cir. 1999)(Porfilio, J.)).

*See United States v. Higgins*, 282 F.3d 1261, 1274 (10th Cir. 2002)(Holloway, J.); *United States

v. Hardwell*, 80 F.3d 1471, 1488 (10th Cir. 1996)(Briscoe, J.)(citing *Huddleston v. United States*,

485 U.S. at 691–92, 108 S.Ct. 1496).

## ANALYSIS

Defendant objects to the Government's Notices, arguing the proffered evidence of two

previous tribal arrests and the vehicle and gas station incident are not admissible for a proper

purpose under Rule 404(b).  Doc. 151 at 1-2.  Defendant further states that the Government's

efforts to introduce evidence of Defendant's prior arrests are propensity evidence designed to

convince the jury that "he regularly beats women and children."  *Id*. at 2-3.  Because of the lack of

probative value and the prejudicial effect, the evidence at issue should be excluded.  Defendant

does not appear to object to the United States' notice of intent to admit evidence of Defendant's

pattern of physical abuse and hostility towards Jane Does 1 and 2.  Doc. 151 at 1.  This Court

agrees with Defendant and finds the character and propensity evidence the United States seeks to

admit related to the two prior arrests and vehicle and gas station incident is inadmissible.

I.      **Evidence of Defendant's Pattern of Physical Abuse and Hostility Towards
        Jane Does 1 and 2 and Attempts to Conceal and Obstruct Torture and Abuse
        Are Admissible as *Res Gestae***

The United States first asserts, and Defendant does not appear to dispute, that Defendant's

acts of hostility and violence towards Jane Does 1 and 2 are admissible as direct or circumstantial

evidence that Defendant committed the charged offenses.  Doc. 120 at 4.  In addition to the direct

and circumstantial evidence the Government outlined in Doc. 120 at 1-2, the United States further

describes the direct and circumstantial evidence as follows:

> Defendant, within a month of having Jane Does 1 and 2 live with him, chastised preschooler Jane Doe 1 for not eating "correctly," not behaving "correctly," not acting "lady-like," and not "asking for things correctly." Defendant eventually imposed a rule where Jane Doe 1 had to ask him permission to get a drink of water or to go to the bathroom. Defendant also began stripping her of the ability to play outside. And when in public, Defendant made Jane Doe 1 hold his hand and did not permit her to hold her Jane Doe 2's hand. The physical abuse started with spanking Jane Doe 1 anytime she did something Defendant did not like. He made her do "wall sits" for long periods of time, yelled at her, and spanked her if she was not able to hold the wall-sit position long enough.1 When Jane Doe 2 tried to discuss with Defendant the mistreatment of Jane Doe 1, he "hurt [Jane Doe 1] more." As the weeks went on, the punishment became more physical and brutal. The subject started taking the Jane Doe 1 into another room where he would shut the door so that Jane Doe 2 could not enter, and then he would turn the music up loud so Jane Doe 2 was unable to hear what was going on in the room.

*Id*. at 4.

The United States asserts that these acts and others are admissible as direct evidence of the crimes

charged.

The United States also argues that evidence of Defendant's efforts to conceal and obstruct

the alleged torture and abuse are admissible as *res gestae*, as they are inextricably intertwined with

the charged offenses.  Doc. 120 at 5.  The Government states that "Defendant made Jane Doe 1

wear a mask to conceal her injuries, telling people that she wanted to be a ninja. Defendant also

told her to hide the "hurts" and threatened to hurt her mom (and further hurt Jane Doe 1) if Jane

Doe 1 spoke out. Finally, as mentioned above, Defendant attempted to conceal his conduct in a

back bedroom by locking the door and blasting music."  *Id*.  This Court agrees with the United

States and finds the evidence admissible as *res gestae*.

Under Federal Rules of Evidence 401 and 402, evidence is admissible if it is relevant unless

provided for otherwise.  Evidence is relevant if, "it has a tendency to make a fact more or less

probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed.R.Evid. 401-402.  Here, this Court finds, and Defendant does not dispute that evidence raised by the United States of Defendant's physical abuse and hostility towards Jane Does 1 and 2 is relevant.  The direct and circumstantial evidence cited by the United States is probative, of consequence, and has a tendency to make facts more or less probable in determining whether Defendant committed the crimes alleged.

Ultimately, "[i]t is well settled that Rule 404(b) does not apply to other act evidence that is intrinsic to the crime charged."  *United States v. O'Brien*, 131 F.3d 1428, 1432 (10th Cir.1997). Evidence is intrinsic when it is "directly connected to the factual circumstances of the crime and provides contextual or background information to the jury."  *United States v. Kupfer*, 797 F.3d 1233, 1238 (10th Cir. 2015) citing, *United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir.2009) (quoting Thomas M. DiBiagio, Intrinsic and Extrinsic Evidence in Federal Criminal Trials: Is the Admission of Collateral Other–Crimes Evidence Disconnected to the Fundamental Right to a Fair Trial, 47 Syracuse L.Rev. 1229, 1231 (1997)).  The Tenth Circuit regards evidence as intrinsic when it is "inextricably intertwined" with charged conduct, "occurred within the same time frame as the activity in the conspiracy being charged…provided direct proof of the defendant's involvement with the charged crimes", was "entirely germane background information,…'directly connected to the factual circumstances of the crime,' or "was necessary to provide the jury with background and context of the nature of the defendant's relationship to his accomplice."  *Id*. citing, *United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir.1993) (quoting *United States v. Williams*, 900 F.2d 823, 825 (5th Cir.1990)); *United States v. Parker*, 553 F.3d 1309, 1315 (10th Cir.2009); *United States v. Irving*, 665 F.3d 1184, 1212–13 (10th Cir.2011); *United States v. Hall*, 508 Fed.Appx. 776, 779–80 (10th Cir.2013).

Accordingly, this Court finds because the evidence the United States seeks to admit is intrinsic to the crimes charged, Rule 404(b) does not apply.  This Court finds the evidence the United States seeks to admit cited above is inextricably intertwined with the charged offenses and necessary to tell a complete story.  *Hardy*, 228 F.3d at 748.  Such evidence is proper background evidence that has causal, temporal, and spatial connections to the charged offenses, is directly probative of them, arises from the same events, and forms an integral part of witness testimony. *Id*.  Nor does Defendant appear to challenge the admissibility of evidence of his conduct.  Because this evidence would be admitted as proof of the charged offenses, it is admissible as *res gestae*. *Kimball*, 73 F.3d at 272.

To be admissible, *res gestae* evidence is subject to Rule 403 scrutiny.  *Shirley*, 214 F.Supp.3d at 1158.  Under Rule 403, unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001) citing, Fed.R.Evid. 403 advisory committee note.  Furthermore, this Court has considerable discretion in performing a Rule 403 balancing test, which itself "is an extraordinary remedy and should be used sparingly."  *Id*. citing, *United States v. Rodriguez*, 192 F.3d 946, 949 (10th Cir.1999).  Defendant does not argue nor does this Court find that the evidence the United States seeks to admit as to Mr. Marquez's conduct is unfairly prejudicial towards him under Fed.R.Evid. 403.  *United States v. Lambert*, 995 F.2d 1006, 1007– 08 (10th Cir.1993).  The probative value of the direct and circumstantial evidence outlined above is significant and is not outweighed by a risk of unfair prejudice.  Therefore, this Court finds the direct and circumstantial evidence regarding Defendant's pattern of physical abuse and hostility towards Jane Does 1 and 2 and subsequent efforts to conceal or obstruct it are admissible.

**II.     Alternatively, Evidence of Defendant's Physical Abuse and Hostility Towards
          Jane Does 1 and 2 and Attempts to Conceal and Obstruct Torture and Abuse
          Are Admissible under Rule 404(b)**

In the alternative, the United States argues that the evidence outlined in its Notice that this

Court deemed admissible in Section I as *res gestae*, is also admissible under Rule 404(b) if

applicable.  Defendant does not appear to challenge the admissibility of the conduct above under

Rule 404(b), but rather challenges the admission of two previous arrests and the vehicle and gas

station incident.  Doc. 151 at 1-2.

This Court finds, alternatively, if applicable, the direct and circumstantial evidence of

Defendant's physical abuse and hostility towards Jane Does 1 and 2 and attempts to conceal and

obstruct torture and abuse, as outlined in Section I, are admissible under Rule 404(b).[2]  Under Rule

404(b) and the *Huddleston* test: (1) the evidence must be offered for a proper purpose; (2) the

evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the

probative value of the similar acts is substantially outweighed by its potential for unfair prejudice;

and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that

evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

*Zamora*, 222 F.3d at 762; *Roberts*, 185 F.3d at 1125; *Higgins*, 282 F.3d at 1274; *Hardwell*, 80 F.3d

at 1488; *Huddleston*, 485 U.S. at 691–92.

The United States argues that under Rule 404(b), the proposed testimony and evidence

establishes motive, knowledge, intent, and that Defendant's acts were not an accident.  Doc. 120

at 5-6.  Ultimately, "when other-act evidence is admitted for a proper purpose and is relevant, it

---

[2] Because the evidence the United States seeks to admit is direct evidence, this Court does not believe Rule 404(b)'s
bar on propensity evidence applies. *United States v. Naranjo*, 710 F.2d 1465, 1467 (10th Cir. 1983), citing *United
States v. Nolan*, 551 F.2d 266, at 271 (10 Cir.), cert. denied 434 U.S. 904, 98 S.Ct. 302, 54 L.Ed.2d 191 (1977).
However, in the event Rule 404(b) is applicable, this Court finds the evidence the Government seeks to admit is also
admissible under this Rule.

may be admissible even though it has "the potential impermissible side effect of allowing the jury to infer criminal propensity."" *United States v. Moran*, 503 F.3d 1135, 1145 (10th Cir. 2007), citing *United States v. Cherry*, 433 F.3d 698, 701 n. 3 (10th Cir.2005). Such evidence can be admissible under Rule 404(b) if it tends to prove something besides criminal propensity. *Id.*, citing *United States v. Tan*, 254 F.3d 1204, 1208 (10th Cir.2001), *United States v. Esch*, 832 F.2d 531, 535 (10th Cir.1987).

Here, having determined that the evidence at issue is relevant, this Court finds the evidence the United States seeks to admit is offered for a proper purpose. Namely, the direct and circumstantial evidence in question is probative of and offered to prove Defendant's motive, knowledge, intent, and for witness corroboration purposes. Fed.R.Evid. 404(b); *United States v. Porter*, 881 F.2d 878, 886 n. 8 (10th Cir. 1989).

Defendant does not oppose, let alone assert, that this evidence is prejudicial under Rule 403. Evidence that is otherwise admissible may be excluded under Rule 403, "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed.R.Evid. 403. This Court finds the evidence the United States seeks to admit has significant probative value that is not outweighed by unfair prejudice to Mr. Marquez.

Accordingly, this Court finds, in the alternative, if applicable, under Rule 404(b), evidence concerning Defendant's physical abuse and hostility towards Jane Does 1 and 2 and attempts to conceal and obstruct torture and abuse are admissible.

### III. Evidence of Defendant's Prior Arrests by Ohkay Owingeh Tribal Police is Excluded

Next, the United States seeks to admit evidence of two prior arrests that implicated Defendant. Specifically, the United States states that Defendant committed (1) battery against a household member on or about October 3, 2019, and (2) aggravated battery against a household

member on or about March 22, 2021.  Doc. 120 at 6.  The Government argues that both acts

occurred during the course of a battery against an intimate partner and resulted in Defendant's

arrest.  *Id*.  These acts demonstrate Defendant's intent, identity, motive, lack of mistake, are

relevant given Defendant's charges here, and therefore, are admissible under Rule 404(b).  *Id*. at

6-7.  This Court disagrees with the United States and finds evidence of these prior incidents not

relevant and inadmissible under Federal Rules of Evidence 403 and 404(b).[3]

Under Federal Rules of Evidence 401 and 402, evidence is admissible if it is relevant unless

provided for otherwise.  Evidence is relevant if, "it has a tendency to make a fact more or less

probable than it would be without the evidence; and (b) the fact is of consequence in determining

the action."  Fed.R.Evid. 401-402.  Here, the United States has not demonstrated how either the

separate battery against a household member on or about October 3, 2019, or the aggravated

battery against a household member on or about March 22, 2021, has a tendency to make a fact in

this case more or less probable than without it.  Nor has the United States explained how either

incident is of consequence to the charges Mr. Marquez faces here.  Proffered evidence must

advance an inquiry of a consequential fact to be relevant and admissible.  *United States v. Oldbear*,

568 F.3d 814 (10th Cir. 2009), citing 7 Kenneth S. Broun, McCormick on Evidence § 185 (6th

ed.2006).  Evidence of two, separate prior arrests for domestic battery is not of consequence to the

charges Mr. Marquez faces at trial.  Therefore, this Court finds evidence of the two prior incidents

not relevant.

Even if the arrests are relevant under Rules 401 and 402, this Court finds such evidence is

not admissible under Rule 404(b).  Under Federal Rule of Evidence 404(b), "[e]vidence of a crime,

wrong, or other act is not admissible to prove a person's character in order to show that on a

---

[3] The United States does not assert a *res gestae* argument for admission of Defendant's two prior arrests.  Therefore, this Court does not address that theory.

particular occasion the person acted in accordance with the character."   However, under Rule

404(b)(2), "evidence may be admissible for another purpose, such as proving motive, opportunity,

intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

Fed.R.Evid. 404.  "In other words, one cannot present evidence the relevance of which is based on

the forbidden inference: the person did X in the past, therefore he probably has a propensity for

doing X, and therefore he probably did X this time, too." *Jara*, 2011 WL 6739166, at \*5.

In determining admissibility under Rule 404(b), under the *Huddleston* test: (1) the evidence

must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must

make a Rule 403 determination of whether the probative value of the similar acts is substantially

outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial

court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for

the proper purpose for which it was admitted. *Zamora*, 222 F.3d at 762; *Roberts*, 185 F.3d at 1125;

*Higgins*, 282 F.3d at 1274; *Hardwell*, 80 F.3d at 1488; *Huddleston*, 485 U.S. at 691–92.

Here, the United States argues that both prior arrests are highly relevant since Mr. Marquez

is charged with similar acts of domestic violence.  Doc. 120 at 6-7.  Under Rule 404(b), such

propensity evidence is barred.  Fed.R.Evid. 404(b).  The United States asserts that the incidents at

issue demonstrate Defendant's intent, identity, motive, and lack of mistake as to the charges

against Jane Does 1 and 2.  Doc. 120 at 6.  This Court disagrees.  The United States has not

demonstrated or explained how evidence from these separate, prior, and unrelated incidents is

being offered to establish Mr. Marquez's intent, identity, motive, or lack of mistake in this case

and against these victims.  Rather, the United States appears to be seeking the admission of this

evidence to infer that because Mr. Marquez was arrested for domestic battery in the past, he is

more prone to domestic violence and likely committed the crimes alleged here.  This Court agrees

11

with Defendant that attempts to introduce such evidence aim to "persuade the jury that Mr. Marquez is a man of bad character who had a propensity to commit the crime because he regularly beats women and children."  Doc. 151 at 2-3.  Such attempts do not serve a proper purpose and run afoul of Rule 404.

Having previously found this evidence not relevant, this Court also finds that under Rule 403, the probative value of Defendant's prior arrests is substantially outweighed by a potential for unfair prejudice.  Under Rule 403, unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001) citing, Fed.R.Evid. 403 advisory committee note.  Here, this Court finds evidence of the two prior arrests would likely suggest decision on an improper basis – that because Mr. Marquez was arrested for prior domestic incidents, he likely committed the crimes alleged here  Defendant is not on trial in this case for the two arrests the United States seeks to enter into evidence.  Introducing those incidents would likely confuse the issues, mislead the jury, and "tend[] to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocence of the crime charged."  *United States v. Otuonye*, 995 F.3d 1191, 1207 (10th Cir. 2021), citing *United States v. Merritt*, 961 F.3d 1105, 1115 (10th Cir. 2020).

Accordingly, this Court finds evidence of Defendant's prior arrests by Ohkay Owingeh Tribal Police is excluded under Rules 401, 402, 403, and 404(b).

## IV.    Evidence of the Vehicle and Gas Station Incident involving Defendant is Excluded

The United States next seeks, through its supplemental notice, to introduce bad acts evidence as *res gestae* and under Rule 404(b) "to explain the climate of fear for Jane Doe 1 and 2 or to rebut a pertinent trait as 404(a)."  Doc. 146.  Specifically, the United States intends to introduce evidence "that a week or two prior to July 10, 2021, a vehicle cut off Defendant and

flipped him off.  Defendant got very, very upset, immediately made a u-turn, and chased the other

driver to a gas station.  The Defendant pulled out a firearm and discharged it at him.  The incident

took place at a corner gas station in Espanola near baseball fields.  Defendant then took efforts to

conceal this shooting by going back to the gas station on a motorcycle to recover the shell casing

of this discharge." *Id*.  This Court disagrees with the United States and finds such evidence is not

relevant and inadmissible as *res gestae* or under Rule 404(b).

Under Federal Rules of Evidence 401 and 402, evidence is admissible if it is relevant unless

provided for otherwise.  Evidence is relevant if, "it has a tendency to make a fact more or less

probable than it would be without the evidence; and (b) the fact is of consequence in determining

the action."  Fed.R.Evid. 401-402.  Here, the United States has not demonstrated how the traffic

and gas station incident has a tendency to make a fact more or less probable in this case than

without it.  Nor has the United States explained how this incident is of consequence to the charges

Mr. Marquez faces in this case.  Proffered evidence must advance an inquiry of a consequential

fact to be relevant and admissible.  *United States v. Oldbear*, 568 F.3d 814 (10th Cir. 2009), citing

7 Kenneth S. Broun, McCormick on Evidence § 185 (6th ed.2006).  The United States has not

explained how this incident advances an inquiry and is probative of consequential facts related to

the allegations of abuse of a child, assault of a spouse or intimate partner, and abusive sexual

contact.  Accordingly, this Court finds such evidence is not relevant and inadmissible.

Even if relevant, this Court finds evidence of the vehicle and gas station incident involving

Defendant is not admissible as *res gestae*.  As previously discussed, *res gestae* evidence is "those

other acts that are inextricably intertwined with the charged offense or those acts, the telling of

which is necessary to complete the story of the charged offense."  *Hardy*, 228 F.3d at 748;

*McVeigh*, 153 F.3d at 1203.  Here, the United States has failed to establish spatial or causal

connections to the charged offenses.  The United States has not explained how the incident is probative of the charged offenses, arises from the same events, completes the story, or forms an integral part of witness testimony.  *Id*.  Nor has the Government demonstrated how this incident is part and parcel proof of abuse of a child, assault of a spouse or intimate partner, or abusive sexual contact.  This incident is not necessary for a full presentation of the case to the jury.  *Kimball*, 73 F.3d at 272.  Accordingly, this Court finds the evidence of Defendant's vehicle and gas station incident is not admissible as *res gestae*.

Alternatively, even if relevant, this Court also finds this evidence is not admissible under Rule 404(b) as the United States asserts.  Under Federal Rule of Evidence 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  However, under Rule 404(b)(2), "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed.R.Evid. 404.

In applying Rule 404(b), under the *Huddleston* test: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.  *Zamora*, 222 F.3d at 762; *Roberts*, 185 F.3d at 1125; *Higgins*, 282 F.3d at 1274; *Hardwell*, 80 F.3d at 1488; *Huddleston*, 485 U.S. at 691–92.

The United States has not explained for what purpose evidence of the vehicle and gas station incident is offered.  Doc. 146.  Rather, it appears this evidence is being offered for

propensity purposes – character evidence of anger to show that on the particular occasions at issue in this case, Mr. Marquez acted in accordance with this trait. This evidence is barred under Rule 404. The United States has not articulated under Rule 404(b)(2) for what purpose the evidence is being offered nor does this Court find it serves a purpose such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Having previously determined that this evidence is not relevant and lacks a proper purpose, this Court also finds the probative value of the vehicle and gas station incident is substantially outweighed by its potential for unfair prejudice under Rule 403. Fed.R.Evid. 403. Evidence of the vehicle and gas station incident would suggest decision on an improper basis – that because Mr. Marquez was involved in an unrelated traffic incident, he likely committed the crimes at issue here. This evidence would likely confuse or mislead the jury. Defendant is not on trial for charges arising from the vehicle and gas station incident. The introduction of such evidence would "adversely affect the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime[s] charged." *Otuonye*, 995 F.3d at 1207, citing *Merritt*, 961 F.3d at 1115.[4]

Accordingly, this Court finds evidence of the vehicle and gas station incident involving Defendant as outlined in Doc. 151 is excluded under Rules 401, 402, 403, 404, and as *res gestae*.

### V. This Court Withholds Ruling on the Admissibility of the Evidence at Issue via Rules 404(a)(2)(A) and 405.

In its Notice of Intent, the United States stated that if Defendant under Rules 404(a)(2)(A) and 405 opens the door to character evidence of a pertinent trait, reputation, or opinion, it intends to inquire about specific instances of conduct, including possibly those outlined above. Doc. 120 at 8. At this juncture, the Court declines to rule on the admissibility of such evidence via Rules

---

[4] Note that this Court's Rule 403 discussion also applies to the *res gestae* analysis for this evidence.

404(a)(2)(A) and 405.  The United States does not specifically ask for a ruling nor has Defendant briefed his potential objections.  Nor is it clear Mr. Marquez will introduce it at trial.  Therefore, a ruling at this juncture would be premature.

## CONCLUSION

**IT IS THEREFORE ORDERED** for the reasons stated above, that the Defendant's objection (Doc. 151) to the United States' Notice of Intent (Docs. 120, 146) is **SUSTAINED.**  This Court instructs the United States not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any excluded evidence.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

16